Railroad Crossings — Warnings — Cost The cost of installation of suitable protective devices at a railroad crossing located within the limits of a municipality, and found to be extra hazardous by the Corporation Commission, which divided such cost between the railroad, the State, and the municipality, must, under 17 O.S. 87 [17-87] (1968), to the extent of the municipality's obligation, be borne by the county. Reference is made to your recent request for an opinion relative to the use under 17 O.S. 86 [17-86] and 17 O.S. 87 [17-87] (1968), of municipal funds to erect and install suitable protective devices at a railroad crossing found to be extra hazardous by the Corporation Commission. You ask: "(1) Where the Corporation Commission makes a determination that a railroad crossing is extra hazardous, and orders that suitable protective devices be installed, was it the legislative intention to make the language contained in Section 87 mandatory to the end that only the state, the railroad and the county would be empowered and authorized to pay the costs of the installation even though the crossing was situated within the limits of a municipality? "(2) Can the terms `construction, maintenance, repair, improvement and lighting of streets and alleys' as used in Section 17 O.S. 75 [17-75], when construed together with 17 O.S. 86 [17-86] and 17 O.S. 87 [17-87], be extended by implication to include the protective devices therein mentioned so that the Corporation Commission would be empowered and authorized to direct by order that a city pay a portion of the costs of such installation out of its street and alley funds?" Title 17 O.S. 86 [17-86] (1968), provides in pertinent part as follows: "The Oklahoma Corporation Commission shall have the authority, after having made proper investigations, to designate those grade crossings which are extra hazardous . . . . The Commission shall have authority to prescribe the division of the cost of the installation of such signs, signals, gates or other protective devices between the public utility and the State or its political subdivisions; . . . ." (Emphasis added) Title 17 O.S. 87 [17-87] (1968) provides: "All such division of costs that become an obligation of the state shall be paid from funds accruing to the credit of the State Highway Construction and Maintenance Fund under 68 O.S. 5-504 [68-5-504](b) (1963), and all such division of costs that become an obligation of a municipal corporation or other political subdivision of the state shall be paid from the funds accruing to the various counties of the state under 68 O.S. 1963 Supp., Section 5-504[68-5-504](d) [68-5-504]. Laws 1965, c. 388, Section 2." (Emphasis added) Title 11 O.S. 75 [11-75] (1961), provides: "The governing board of any city or town which receives money from the State under the Motor Fuel Excise Tax and under the Motor Vehicle License and Registration Tax Act may expend such money out of the street and alley fund of such city or town for construction, maintenance, repair, improvement, and lighting of streets and alleys." Title 68 O.S. 504 [68-504] (1968), provides in pertinent part: ". . . . "The funds so transmitted shall be sent to the respective county treasurers, and by them deposited in the County Highway Fund of their respective counties, to be used by the county commissioners for the purpose of constructing and maintaining county or township highways and permanent bridges in such counties. No part of such fund shall be used for any purpose other than the construction and maintenance of county or township highways and permanent bridges in the county receiving the fund. . . ." While it appears that the quoted language of 68 O.S. 504 [68-504] (1968) prohibits the use of monies deposited in the County Highway Fund for other than the express purposes set forth in the quoted part of the statute, Section 504 became effective in June, 1963, whereas the pertinent part of 17 O.S. 87 [17-87] (1968) was approved June 30, 1965, and contains a clause repealing all laws or parts of laws in conflict therewith. It must also be noted that the quoted Section 87 relates to costs incurred under the provisions of Section 86, which, whether by operation of law or by order of the Corporation Commission, "become an obligation of a municipal corporation or other political subdivision of the State", and provides that such obligation must be paid from funds accrued to the counties under the pertinent provisions of 68 O.S. 504 [68-504] (1968), quoted in part above. It is therefore, the opinion of the Attorney General that the cost of installation of suitable protective devices at a railroad crossing found to be extra hazardous although it has or may become an obligation of the municipality in which the crossing is located, must be defrayed by the railroad and the State, and by the county with respect to such part of the obligation as is imposed upon a municipality in such county. In view of the opinion expressed above, we believe it is unnecessary to determine whether or not the terms "construction, maintenance, repair, improvement. and lighting of streets and alleys", as used in 11 O.S. 1961 Section 75[11-75] [11-75], can be extended by implication to include the protective devices mentioned in 17 O.S. 86 [17-86] and 17 O.S. 87 [17-87] (1968). (Carl G. Engling)